[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 11, 2010
JOHN LEY
CLERK

No. 09-15582
Non-Argument Calendar
_____

D. C. Docket No. 08-00318-CR-J-25-TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ABRAHAM LOCKETT, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 11, 2010)

Before TJOFLAT, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Abraham Lockett, Jr. pled guilty to four counts of violating 21 U.S.C.

§ 841(a)(1):one count of distributing crack cocaine; two counts of distributing at least five grams of crack cocaine; and one count of possession with the intent to distribute at least five grams of crack cocaine, and the district court sentenced him to concurrent prison terms of 120 months. He now appeals his sentences.

Lockett argues that the district court, in invoking the sentencing enhancement provided by 21 U.S.C. § 851, erred in finding that he had been convicted of a prior drug offense. He acknowledges that the government introduced a certified judgment of the prior conviction, and the fingerprints and expert witness testimony that matched his fingerprints to those of the defendant identified in the prior conviction. However, he argues that the ultimate determination of whether he is the individual convicted of the prior drug offense alleged by in the government's § 851 notice "rests squarely on the quality of the methodology of the fingerprint analysis and the quality of the ink impressions used for the comparison." He contends that the testimony of the fingerprint analyst, when viewed in its entirety, did not establish proof beyond a reasonable doubt that Lockett was the individual whose prints are affixed to the judgment from the prior conviction. In his brief to us, he cites *United States v. Kellam*, 568 F.3d 125 (4th Cir. 2009), *United States v. Lampton*, 158 F.3d 251 (5th Cir. 1998), and *United States v. Green*, 175 F.3d 822 (10th Cir. 1999), acknowledging that the facts of his

2

case are most similar to those in *Lampton*.

We review *de novo* the legality of a sentence. *United States v. Mazarky*, 499 F.3d 1246, 1248 (11th Cir. 2007). We review "for clear error the district court's factual findings related to the imposition of sentencing enhancements." *United States v. Robertson*, 493 F.3d 1322, 1329-1330 (11th Cir. 2007) (quotation omitted). Clear error review is deferential, but a factual finding "must be supported by substantial evidence." *Id.* at 1330.

To enhance a defendant's sentence pursuant to 21 U.S.C. § 851, the government must file an information with the court, before trial or before the defendant pleads guilty, that recites the prior convictions upon which the government intends to rely. *See* 21 U.S.C. § 851(a)(1). The defendant must file a written response to the information if he seeks to deny the prior convictions. 21 U.S.C. § 851(c)(1). The district court must then "hold a hearing to determine any issues raised by the response which would except the person from increased punishment." *Id.* The government must prove factual issues relating to the prior convictions beyond a reasonable doubt. *Id.*

We have not decided a case presenting the scenario we have here, where the government is tasked with proving, under § 851, that the defendant and the person named as the defendant in the prior conviction are one and the same. In *Lampton*,

3

the Fifth Circuit upheld a § 851 sentence enhancement after holding that the government met its burden of establishing that Walker, one of the codefendants, was the same person named in two prior felony drug offense convictions. *Lampton*, 158 F.3d at 260. To satisfy its burden, the government produced: "(1) certified copies of Walker's two state arrest registers, corresponding to his two state convictions; (2) fingerprint exemplars from both state arrest registers; (3) certified copies of both state convictions; (4) and Walker's fingerprint exemplars from the instant offense maintained by the U.S. Marshal Service." *Id.* In addition, a parole office supervisor testified that the birth dates listed on Walker's prior state convictions matched Walker's birth date as recorded with the U.S. Marshal Service. *Id.* Also, a fingerprint expert testified for the government that the fingerprints on the two state arrest registers matched Walker's federal fingerprint card. *Id.* The Fifth Circuit found that this evidence established beyond a reasonable doubt that the two prior state convictions were Walker's and not someone else's. *Id.*

In *Green*, the Tenth Circuit held that the government failed to satisfy its burden. *Green*, 175 F.3d at 836. The government there sought to use two prior convictions to enhance the sentence of Eric Bly, one of the codefendants. *Green*, 175 F.3d at 834-35. To establish the first conviction, which was in the name of

4

Eric Daniels, the government noted that the PSI listed "Eric Daniels" as one of Bly's aliases, and Bly did not object to this assertion. *Id.* at 835. In addition, state authorities also listed Eric Daniels as an alias for Bly. *Id.* The convictions noted the same birthday of March 12, but on different years. *Id.* Bly lived on West 107th Street, and Daniels lived on East 107th Street. *Id.* The district court found this evidence sufficient to prove beyond a reasonable doubt that the two men were one. *Id.* However, the Tenth Circuit found that the evidence was insufficient. *Id.* The Tenth Circuit found that "while the two pieces of vital information are similar, notable discrepancies exist. *Id.* The court also noted that "the government introduced no physical evidence that the two men were the same." *Id.* Specifically, the government failed to produce photographs or fingerprints, "although a government witness admitted that it could obtain those items quite easily." *Id.*

Regarding the second conviction, the Tenth Circuit noted that a defendant named Derrick Taylors pled guilty to this offense in California in 1988. *Id.* at 836. The district court found that Taylors was Bly because Bly's PSI listed Derrick Taylors as one of his aliases, and both Taylors and Bly used the alias "El." *Id.* The court also noted that "there was specific evidence that Mr. Bly had been convicted of a crime at about this time in the state of California. The district court

found these three facts together established beyond a reasonable doubt that Mr. Bly was convicted of this crime." *Id.* The Tenth Circuit disagreed with the district court, noting that "aliases can be faddish, especially among gang members." *Id.* The court noted that Bly stipulated to a prior felony conviction, but found that Bly had an extensive record, so it could not determine whether Bly had stipulated to this particular conviction. *Id.* Although the government had introduced a faxed photograph of Taylors, the government's witness was unable to identify Bly as the person depicted in the photograph. *Id.* The court again noted that the government failed to introduce fingerprints. *Id.* Thus, the Tenth Circuit found that a "lack of concrete evidence" linked Bly to Taylors.

The Fourth Circuit, likewise, held that the government failed to meet its burden in *Kellam*. *Kellam*, 568 F.3d at 144. In *Kellam*, the government sought to admit three of the defendant's prior drug convictions to impose a § 851 enhancement. *Id.* at 131. The Fourth Circuit found that several discrepancies existed regarding the identity of the defendant in the prior convictions because multiple variations and spellings of the defendant's name were listed. *Id.* at 144-45. The Tenth Circuit specifically noted that the government "failed to produce other compelling evidence of identity, such as fingerprint records or photographs, establishing Kellam as the defendant in the [prior] convictions." *Id.*

6

at 145.

Our sister circuits have upheld the § 851 enhancement in cases where the government introduced, *inter alia*, fingerprint evidence. *See Lampton*, 158 F.3d at 260. The cases in which other circuits found that the government failed to satisfy its burden involved no fingerprint evidence. *See Kellam*, 568 F.3d at 145; *see also Green*, 175 F.3d at 835. Both the Fourth and Tenth Circuits noted that the government failed to produce fingerprint evidence, which could have strengthened the connection between the defendant and the prior conviction. *See Kellam*, 568 F.3d at 145; *see also Green*, 175 F.3d at 835.

Here, as in *Lampton*, the government presented a certified copy of the prior conviction that included Lockett's full name. Moreover, Joseph Dorsey, Jr., an expert forensic latent print examiner with the Florida Department of Law Enforcement for seventeen years, testified that the fingerprints associated with the prior conviction matched the prints that: (1) Lockett had provided when he entered the federal criminal system; and that (2) Lockett had provided on the day of the hearing. During the sentencing hearing, Lockett did not refute the expert's testimony, nor did he provide expert witness testimony that called Dorsey's testimony into question.

In his brief on appeal, Lockett argues that "the ultimate determination of

whether [he] is the individual convicted of the felony drug offense alleged by the government in the 21 U.S.C. § 851 notice rests squarely on the quality of the methodology of the fingerprint analysis and the quality of the ink impressions used for the comparison." Although Dorsey noted that the prints in the present case were "not very good," he explained that the quality of the prints did not determine the quality of his analysis. Moreover, he testified that the prints "were good enough" for him to identify Lockett, and that Lockett's prints were easy to identify. In addition, Dorsey explained that he used the analyze, compare, evaluate, and verify methodology to identify the prints, and that he studied ridge characteristics in the prints and used everything he could "see to make the identification," including the pattern of the print, ending ridges, dots, and bifurcations. Dorsey also testified that a poor quality printer was not used with Lockett's prints, and that he was able to identify points in the prints to make the comparison. Thus, the government presented sufficient evidence to establish beyond a reasonable doubt that Lockett was convicted of the offense listed in the § 851 enhancement. *See Robertson*, 493 F.3d at 1330; 21 U.S.C. § 851(c)(1).

Lockett's sentences are, accordingly,

AFFIRMED.